IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH AKINRIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-11-386 |
| | § | |
| WELLS FARGO BANK, N.A., a/k/a | § | |
| WACHOVIA MORTGAGE FSB, | § | |
| ALL MORTGAGE | § | |
| MODIFICATION SERVICE, | § | |
| COMMUNITY LENDING GROUP, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day, the Court *sua sponte* determines its subject matter jurisdiction over this wrongful foreclosure case removed to this Court based on diversity jurisdiction. Having considered the notice of removal, submissions, and applicable law, the Court determines complete diversity of citizenship is lacking and this case should be remanded.

## BACKGROUND

On December 20, 2010, Plaintiff Elizabeth Akinrin filed this wrongful foreclosure suit in the 400th Judicial District Court of Fort Bend County, Texas, against Defendants Wells Fargo Bank, N.A. a/k/a Wachovia Mortgage FSB ("Wells Fargo"); All Mortgage Modification Services ("AMMS"), and Community Lending

Group ("CLG") (collectively, "Defendants"). In addition to wrongful foreclosure, Plaintiff asserted causes of action for breach of contract, fraudulent misrepresentation, unfair business practices, and intentional infliction of emotional distress. According to Plaintiff's state-court petition, in 2003, Plaintiff purchased a home in Fort Bend County, Texas, by executing a note and deed of trust in favor of Wells Fargo. Approximately seven years later, Plaintiff fell into default on her loan obligations, and Wells Fargo sought foreclosure. Plaintiff then contracted with AMMS and CLG for their services in securing a loan modification on her behalf to prevent foreclosure. When the loan modification efforts failed, Wells Fargo foreclosed, and Plaintiff initiated this suit against all three parties involved.

On January 28, 2011, Wells Fargo removed the suit to this Court on the basis of diversity jurisdiction contending that AMMS, the only nondiverese defendant, had been fraudulent joined (Document No. 1).[1] Plaintiff did not challenge the removal,

---

[1] According to Plaintiff's original petition and Wells Fargo's notice of removal, Plaintiff is a citizen of Texas, Wells Fargo is a citizen of California, AMMS is a citizen of Texas, and CLG is a citizen of Florida. As of the date of removal, CLG had not been served, and this Court's records do not reflect it has been served since. Thus, CLG is not an active party to this suit. With respect to AMMS, the Court's records do not reflect whether AMMS was ever served or whether it filed an answer in state court. Thus, it is unclear whether AMMS remains an active party to this suit. Nevertheless, Wells Fargo does not contest AMMS's status in the case; rather, it contends that Plaintiff's claims against AMMS have no real connection to the claims against Wells Fargo, and therefore, Plaintiff's joinder of AMMS is tantamount to fraudulent joinder such that AMMS's citizenship should be disregarded for purposes of diversity jurisdiction.

and the parties proceeded as though AMMS's citizenship was ignored. On January 26, 2012, Wells Fargo moved for summary judgment. Plaintiff did not respond, and the motion for summary judgment is now ripe. The Court has yet to determine, however, whether AMMS was indeed fraudulently joined. Because federal courts lack the authority to adjudicate claims without jurisdiction, the Court addresses the matter now. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 463 F. Supp. 2d 583, 587 (E.D. La. 2006) (finding that a court must *sua sponte* address the issue and remand the action to state court if it determines it lacks subject matter jurisdiction (citing *Zielgler v. Champion Mortgage Co.*, 913 F.2d 228 (5th Cir. 1990)).

## LAW & ANALYSIS

A defendant may remove a state-court action to federal court if the federal court has subject-matter jurisdiction to hear the original complaint. *See* 28 U.S.C. § 1441(a). For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). However, a case can be removed despite a lack of complete diversity if a defendant is fraudulently joined solely to destroy diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Federal courts have

limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing party carries a heavy burden of proof when attempting to prove fraudulent joinder. *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Fifth Circuit has recognized two ways to establish fraudulent joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Small-wood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). In its notice of removal, Wells Fargo urges the Court to adopt a third type of fraudulent joinder, called fraudulent misjoinder, a concept first recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit determined that "[m]isjoinder [of claims] may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* at 1360. In other words, "plaintiffs may not misjoin claims under [the applicable joinder rules] in order to include a nondiverse defendant and thereby defeat diversity." *Wells Fargo Bank,*

*N.A., et al. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 559 (N.D. Tex. 2009). Thus, when a plaintiff's claims against a nondiverse defendant are improperly joined and asserted against a diverse defendant, the Court may disregard the citizenship of the nondiverse defendant and exercise diversity jurisdiction over the case. *Nava v. OneBeacon Am. Insur. Co.*, No. EP-10-CV-478-KC, 2011 WL 976506, at *2 (W.D. Tex. Mar. 15, 2011) (citing *Tapscot*, 77 F.3d at 1359–60 and *Wells Fargo*, 670 F. Supp. 2d at 559).

While the Fifth Circuit has not expressly adopted or directly applied the *Tapscott* theory of fraudulent misjoinder, it has cited *Tapscott* with approval and has acknowledged that *Tapscott*-type misjoinder is not permissible. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002) ("Thus, without detracting from the force of the *Tapscott* principle that fraudulent mis-joinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application."). Moreover, several district courts within the Fifth Circuit have recognized the validity of *Tapscott*-type misjoinder and have followed the Eleventh Circuit's analysis. *See, e.g., Oesch v. Woman's Hosp. of Texas*, Civil Action No. H–11–770, 2012 WL 950109, at *3 (S.D. Tex. Mar. 20, 2012) (Harmon, J.); *Centaurus Unity v. Lexington Insur. Co., et al.*, 766 F. Supp. 2d 780, 789 (S.D. Tex. 2011) (Lake, J.); *Nava*, 2011 WL 976506, at *2; *Tex.*

*Instruments, Inc. v. Citigroup Global Mkts., Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010); *Willingham v. State Farm Ins. Co.*, No. 2:09-CV-59-SA-SAA, 2009 WL 2767679, at *2–3 (N.D. Miss. Aug. 27, 2009); *Wells Fargo*, 670 F. Supp. 2d at 559; *Accardo v. Lafayette Ins. Co.*, No. 06-5868, 2007 WL 325368, *2–4 (E.D. La. Jan. 30, 2007). Based on the above cited cases, this Court will likewise apply the *Tapscott* theory.

The analysis for *Tapscott* fraudulent misjoinder involves two inquiries: (1) whether the nondiverse defendant has been misjoned under the applicable joinder rules; and (2) if so, whether the misjoinder is sufficiently egregious to rise to the level of a fraudulent misjoinder. *Tex. Instruments*, 266 F.R.D. at 147. The joinder rule applicable to this case is Rule 40 of the Texas Rules of Civil Procedure, which states: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." TEX. R. CIV. P. 40(a). Here, Plaintiff has asserted claims against AMMS for breach of contract, fraudulent misrepresentation, intentional infliction of emotional distress, and unfair business practices; and claims against Wells Fargo for wrongful foreclosure and intentional infliction of emotional distress. While Plaintiff's pleadings do not

clearly indicate whether she intends to hold Wells Fargo and AMMS jointly and severally liable, or alternatively liable, for any her asserted causes of action, her pleadings do make clear that her asserted claims all arise from the same series of transactions or occurrences (*i.e.*, Plaintiff's default, Wells Fargo's pursuit of foreclosure, and Plaintiff's quest for a loan modification).

Additionally, Plaintiff has asserted one claim common to both Wells Fargo and AMMS—intentional infliction of emotional distress. To prevail on this claim, Plaintiff must show that (1) Defendants acted intentionally or recklessly, (2) their conduct was extreme and outrageous, (3) Defendants' acts caused Plaintiff emotional distress, and (4) the emotional distress she suffered was severe. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000). Plaintiff's allegations supporting this claim describe distinct circumstances concerning AMMS's and Wells Fargo's alleged conduct. With respect to Wells Fargo, Plaintiff alleges that Wells Fargo intentionally, and with reckless disregard, failed to provide proper foreclosure notices and misrepresented the facts of imminent foreclosure, both of which caused her undue emotional distress and mental anguish. With respect to AMMS, Plaintiff alleges that AMMS intentionally, and with reckless disregard, engaged Plaintiff in a loan modification process, which it did not have any intention of handling and then lied that the loan modification was pending. There are no factual allegations that suggest

7

AMMS and Wells Fargo conspired or otherwise acted in concert to commit the alleged tortious conduct. Despite this, the Court finds that Plaintiff's overall claim for emotional distress damages will raise questions of law and fact common to both AMMS and Wells Fargo. That is, Plaintiff's overall claim for emotional distress damages, although allegedly caused by two separate occurences, will require the trier of fact to determine where the alleged damages end for one defendant and begin for the other. *See Bienemy v. Continental Casualty Co. B.A.H.*, Civil Action No. 09-6647, 2010 WL 375213, at *5 (E.D. La. Jan. 26, 2010) (finding common question of law and fact on issue of damages where plaintiff was injured in two separate car accident that were so proximate in time that it was impossible to distinguish which accident caused which injuries and the extend of those injuries); see also *Nava*, 2011 WL 976506, at *4 (interpreting Texas Rule 40 and finding all that is required is *at least one* common question of law or fact). Given the foregoing, and keeping in mind that "Texas Rule 40 is interpreted in light of a state policy that encourages broad joinder of multiple parties in the same action," *Texas Instruments*, 266 F.R.D. at 148–49 (citing *In re E.L. P.*, 636 S.W.2d 579, 581 (Tex. App.—San Antonio 1982, no writ)), the Court is reticent to find that Plaintiff misjoined AMMS.

Even assuming Texas Rule 40 is not met, "mere misjoinder" does not warrant a finding of fraudulent misjoinder in every case. *Wells Fargo*, 670 F. Supp. 2d at 562

8

(citing *Tapscott*, 77 F.3d at 1360). Under *Tapscott*, in order to be sufficiently egregious to rise to the level of a fraudulent misjoinder, the misjoined parties and claims must be "wholly distinct" and have "no real connection" to each other, such that their joinder is "bordering on a sham." *Nava*, 2011 WL 976506, at *3 (quoting *Tapscott*, 77 F.3d at 1360). While the facts supporting Plaintiff's claims against AMMS and Wells Fargo appear to be based on a distinct set of circumstances, those circumstances arose within the same underlying context—*i.e.*, Plaintiff's default, Wells Fargo's pursuit of foreclosure, and Plaintiff's quest for a loan modification. As a result of foreclosure, Plaintiff initiated this lawsuit against Wells Fargo for its alleged unlawful conduct concerning the foreclosure process, and against AMMS and CLG for their alleged unlawful conduct concerning the loan modification process, both processes being inextricably intertwined in time. Plaintiff did not simply sue a random set of Texas defendants that were in no way logically connected to this sequence of events. The Court reminds Wells Fargo that it maintains the heavy burden of demonstrating fraudulent joinder, and its notice of removal presents absolutely no evidence and no argument that Plaintiff's joinder of AMMS is so "egregious" that it borders a sham.

## CONCLUSION

Based on all of the foregoing, the Court hereby

9

ORDERS that this case is REMANDED to the 400th Judicial District Court of Fort Bend County, Texas. The clerk will provide a copy of this Order to the District Clerk of Harris County, Texas.

SIGNED at Houston, Texas, on this **23** day of March, 2012.

_____
DAVID HITTNER
United States District Judge